UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIANE PEPITONE, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>TARGET CORPORATION, et al.<br><br>　　　　　　Defendants. | Civil Action No. 24-236 (MAS) (RLS)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**SINGH, United States Magistrate Judge**.

**PRESENTLY** before the Court is a Motion by Plaintiffs Diane Pepitone and Robert Pepitone (collectively, "Plaintiffs") to Amend their Complaint to Join Aaron Zaentz ("Zaentz") as a defendant (the "Motion"). (Doc. No. 14). Defendant Target Corporation ("Target") opposes the Motion. (Doc. No. 18). Having considered the parties' written submissions and deciding the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b), for the reasons set forth below and for good cause shown, the Court **GRANTS** Plaintiffs' Motion for Joinder.

**I.　　RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

This action arises out of Plaintiffs' allegations that, on October 1, 2022, at Target's premises in Ocean Township, New Jersey, a Target employee injured Diane Pepitone by pushing a line of shopping carts through the store's automatic doors, which struck and injured her. (*See* Doc. No. 1 at ECF pp. 11-23). On December 15, 2023, Plaintiffs filed a Complaint in New Jersey Superior Court against Target and fictitious parties, asserting, among others, claims of negligence, negligent supervision, and vicarious liability. (*See* Doc. No. 1). Target removed the Complaint to

1

this Court on January 15, 2024 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Doc. No. 1). On February 14, 2024, Plaintiffs moved to remand this matter to New Jersey Superior Court, (Doc. No. 10), which Target opposes, (Doc. No. 13). Through the Motion to Remand, Plaintiffs argue that the Court lacks diversity jurisdiction because they intend to amend their Complaint to name the Target employee who pushed the carts, Aaron Zaentz, and that employee is a citizen of New Jersey. (*See* Doc. No. 10).

Shortly after the filing of the Motion to Remand, Plaintiffs filed the instant Motion to amend their Complaint to join Mr. Zaentz as a defendant to this action pursuant to "Rules 15(a) and 19(a)" of the Federal Rules of Civil Procedure. (Doc. No. 14). Plaintiffs argue that they were unaware of Mr. Zaentz's identity until Target served its Response to Plaintiffs' Request for Admissions in or around February 2024. (*See* Doc. No. 14 at ECF pp. 3-4, 114-16). Plaintiffs have filed a proposed Amended Complaint with their Motion. (Doc. No. 14-1).

Target opposes the Motion, contending that Plaintiffs' proposed claims against Mr. Zaentz would be futile and are motivated by "bad faith" or to delay these proceedings to destroy diversity jurisdiction. (*See* Doc. No. 18). More specifically, Target argues that Plaintiffs offer only conclusory allegations as to any independent liability by Mr. Zaentz, for whose conduct Target would be vicariously liable. Target also contends that Plaintiffs' only motivation in seeking to add Mr. Zaentz as a defendant here is to destroy diversity jurisdiction and that his addition would constitute fraudulent joinder. Further, Target proffers that the Court should exercise its discretion to decline joinder under Rule 20(a) of the Federal Rules of Civil Procedure because Plaintiffs only seek to destroy diversity jurisdiction. In reply, Plaintiffs argue that they are not solely motivated to destroy diversity jurisdiction and are not fraudulently joining Mr. Zaentz. (*See* Doc. No. 19).

2

They contend that the proposed claims against Mr. Zaentz are colorable based on his alleged involvement with the incident at issue and their sole intent is not destroy diversity jurisdiction.

## II.     LEGAL STANDARD

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Rule aims to "ensure[] that an inadvertent error in, or omission from, an original pleading will not preclude a party from securing relief on the merits of his claim." *Korb v. Haystings*, 860 F. App'x 222, 226 n.5 (3d Cir. 2021) (citations omitted). Nevertheless, the Court may, in its discretion, deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) the amendment would be futile. *See, e.g.*, *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, Civ. No. 15-5909, 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017).

In considering whether a party seeks to amend in bad faith, the Court does not consider whether the original complaint was filed in bad faith or whether conduct outside the motion to amend amounts to bad faith. *See Livingstone v. Haddon Point Manager LLC*, Civ. No. 19-13412, 2020 WL 7137852, at *3 (D.N.J. Dec. 7, 2020) (citation omitted); *see also Diallo v. Alo Enterprises Corp.*, Civ. No. 12-3762, 2013 WL 3772827, at *3 (D.N.J. July 17, 2023) ("Simply failing to add a claim a party had prior knowledge of does not alone amount to bad faith."). Rather, the question of bad faith focuses on a party's motives for not amending its pleadings sooner. *See Zelma v. Choice Energy, LLC*, Civ. No. 19-17535, 2020 WL 5201341, at *2 (D.N.J. Sept. 1, 2020).

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court applies the same standard as on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "[I]f a claim is vulnerable to a dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.* On a motion brought pursuant to Rule 12(b)(6), courts must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Factual allegations, however, must be sufficient "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (discussing standard under *Iqbal* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

Pursuant to Rule 20(a) of the Federal Rules of Civil Procedure, persons may be joined as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).[1] However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court." 28 U.S.C. § 1447(e). In such

---

[1] In their moving brief, Plaintiffs cite to Federal Rule of Civil Procedure 19, which provides for when a party is required to be joined. However, they do not articulate a basis for the Court to find Mr. Zaentz is a necessary party.

4

instances, courts in this Circuit have considered the following factors: (1) the extent to which the plaintiff aims to defeat federal jurisdiction with amendment; (2) whether the plaintiff has been dilatory; (3) whether the plaintiff would be prejudiced if the Court denies amendment; and (4) other equitable factors. *See, e.g.*, *Sussman v. Capital One, N.A.*, No. 14-1945, 2014 WL 5437079, at *4 (D.N.J. Oct. 24, 2014) (recognizing that the Third Circuit "has implicitly endorsed the rule set forth" in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).

Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court. *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993); *see also Acerra v. Whirlpool Corp.*, No. 09-5402, 2010 WL 1265198, at *1 (D.N.J. Mar. 26, 2010) ("The Court has substantial discretion to decide whether to allow joinder of a diversity-destroying defendant." (internal quotation marks and citations omitted)).

### III.   DISCUSSION

In opposing Plaintiffs' Motion, Target primarily argues that the proposed amendments to include Mr. Zaentz as a defendant are futile and brought in bad faith. Accepting as true Plaintiffs' allegations, as the Court must, the Court cannot find that amendment to include Mr. Zaentz would be futile. Plaintiffs seek to allege, in relevant part, that Mr. Zaentz was negligent in the pushing and handling of the carts leading to Diane Pepitone's claimed injuries. (*See* Doc. No. 14-1). While Plaintiffs may impose liability on Target through the doctrine of *respondeat superior*, as emphasized by Target, Plaintiffs may still assert a plausible independent claim against its employee who is alleged to have participated in the conduct at issue. *See, e.g.*, *Acerra*, 2010 WL 1265198 at *1 (recognizing "it is not unusual" for a plaintiff seeking "to recover damages under state law for personal injuries caused by negligence" to name the employer and employee to protect against certain eventualities notwithstanding the application of *respondeat superior*); *Polanco-*

5

*Mitarotonda v. Conagra Brands, Inc.*, No. 20-18084, 2021 WL 784571, at *2-3 (D.N.J. June 28, 2021) (finding it "reasonable" for the plaintiffs to join an employee in negligence claim even if those claims are not ultimately successful and even if the retailer employer will be found completely liable for the alleged conduct); *Lappe v. Target Corp.*, No. 15-0007, 2016 WL 6305949, at *6 (D.N.J. Oct. 27, 2016) (applying New Jersey state law and finding "the fact that Target may be liable for [the employee's] negligent acts through the doctrine of respondeat superior[] does not prevent [p]laintiffs from also bringing claims against [the employee] for the same negligent acts").  For the same reasons, joinder of Mr. Zaentz as a defendant meets Rule 20(a)'s liberal standard.  Furthermore, Plaintiffs' desire to assert a direct claim against Mr. Zaentz does not establish that amendment, and joinder is sought in bad faith as defined under Rule 15.  *See Spiderplow, Inc. v. Site Energy*, No. 16-2318, 2017 WL 11477633, at *3 (D.N.J. Feb. 8, 2017) ("The fact that a party wishes to place itself in the strongest possible position does not, in itself, demonstrate bad faith or dilatory motive.").

      The Court, nevertheless, "must scrutinize motions to amend more carefully where a plaintiff seeks to join a non-diverse party, and as a result, deprive a federal court of subject matter jurisdiction."  *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 746 (D.N.J. 2008) (citing, *inter alia*, 28 U.S.C. § 1447(e)).  The Court thus considers the *Hensgens* factors and finds that they weigh in favor of joinder.  In considering Plaintiffs' motives, the Court focuses on the specific facts and circumstances.  *See id.*  While the timing of Plaintiffs' Motion to join Mr. Zaentz indicate Plaintiffs' desire for a remand here, Plaintiffs' original complaint included fictitious parties and Plaintiffs appear to have promptly sought to discover the name of the employee who pushed the carts on the date of the incident.  The Court cannot conclude on this record that Plaintiffs are motivated more by the desire to defeat federal jurisdiction than by the

desire to assert a colorable direct claim against Mr. Zaentz. *See id.* at 748; *Agostino v. Costco Wholesale Corp.*, Civ. No. 19-8976, 2019 WL 6080242, at *3 (D.N.J. Jun. 24, 2019), report and recommendation adopted, Civ. No. 19-8976, 2019 WL 6050746 (D.N.J. Nov. 7, 2019) (approving joinder because the plaintiff needed time to confirm the new party's identity); *Acerra*, 2010 WL 1265198 at *1.

In addition, Plaintiffs have not been dilatory in seeking to join Mr. Zaentz. They promptly moved for joinder, and this case is still in the early stages. Furthermore, denying joinder would prejudice Plaintiffs as it could lead to Plaintiffs maintaining two separate actions involving the same set of facts in two forums. *See Perth Amboy*, 539 F. Supp. 2d at 749 (finding the third *Hensgens* factor weighed in favor of joinder where plaintiff would have to proceed with two separate actions). Principles of efficiency and economy also weigh in favor of permitting joinder, as "[i]t would be a waste of judicial resources to allow two separate proceedings." *Id.* Accordingly, upon consideration of the competing interests and factors, the Court finds that joinder of Mr. Zaentz is appropriate under 28 U.S.C. § 1447(e).

Finally, through the Motion, the parties dispute whether the sought-after joinder would be fraudulent. The fraudulent joinder doctrine permits a defendant to remove an action if a non-diverse defendant is "fraudulently named or joined solely to defeat" federal jurisdiction. *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). Courts apply the doctrine to determine if a removing defendant can avoid remand <u>after</u> a party has been joined. *See id.* at 217 (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)); *Perth Amboy*, 539 F. Supp. 2d at 754, n.2 (noting that, had the plaintiff filed an amended pleading adding the non-diverse defendant instead of moving to amend, then "the appropriate analysis would be one of fraudulent joinder"); *Conover v. United Parcel Service*, No. 06-1079, 2006 WL 3534157, at *1, n.2 (D.N.J. Dec. 7, 2006) ("This is

not a case of fraudulent joinder, which can only be claimed if the alleged fraudulently joined party has already been joined."). Accordingly, the Court does not apply the fraudulent joinder doctrine here.

## IV.    CONCLUSION

For the reasons set forth above, and good cause shown, the Court exercises its discretion and GRANTS Plaintiffs' Motion. Therefore,

**IT IS** on this **14th** day of **August 2024** hereby

**ORDERED** that Plaintiffs' Motion to Amend (Doc. No. 14) is **GRANTED**; and it is further

**ORDERED** that Plaintiffs shall file their Amended Complaint by no later than **seven (7) days from the date of this Memorandum Opinion and Order**; and it is further

**ORDERED** that the Clerk of Court shall **TERMINATE** the Motion pending at Docket Entry No. 14; and it is further

**ORDERED** that the parties shall meet and confer as to the pending Motion to Remand in light of this Memorandum Opinion and Order.

**SO ORDERED**.

*Rukhsanah L. Singh*
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**