**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIANE PEPITONE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TARGET CORPORATION, *et al.*, <br><br> Defendants. | Civil Action No. 24-236 (MAS) (RLS) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiffs Diane and Robert Pepitone's (collectivity, the "Pepitones" or "Plaintiffs") Motion to Remand. (ECF No. 10.) Defendant Target Corporation ("Target") opposed the Motion to Remand. (ECF No. 13.) The Pepitones did not reply. The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, the Motion is granted.

**I.   BACKGROUND**

On December 1, 2023, Plaintiffs filed a complaint against Target and various fictitious persons and entities in the Superior Court of New Jersey for Monmouth County. (State Court Compl., Ex. A to Notice of Removal, ECF No. 1; First Am. Compl., ECF No. 23.) Plaintiffs allege that, on October 1, 2022, a train of shopping carts, pushed by a Target employee, struck and injured Diane Pepitone. (First Am. Compl. ¶¶ 7-8.) Target timely removed this action in January 2024. (ECF No. 1.) Plaintiffs are citizens of New Jersey, Target is a Minnesota corporation, and the

amount in controversy exceeds $75,000. (*Id.* ¶¶ 7-9.) In February 2024, Plaintiffs filed the instant motion, seeking remand (ECF No. 10), and Target opposed. (ECF No. 13).

In a separate motion filed in February 2024, but also relevant here, Plaintiffs sought leave to join Aaron Zaentz ("Zaentz"). (Pls.' Mot. for Joinder, ECF No. 14.) Zaentz is a Target employee and citizen of New Jersey who Plaintiffs allege was pushing the cart train that struck Diane Pepitone. (*Id.* at 3.) The Honorable Rukhsanah L. Singh, U.S.M.J., granted Plaintiffs' motion to join Zaentz. (Mem. Op. and Order 8, ECF No. 22.)[1] Subsequently, Plaintiffs filed an amended complaint joining Zaentz as a named defendant. (First Am. Compl. ¶ 5.)

## II. **LEGAL STANDARD**

A motion to remand is governed by 28 U.S.C. § 1447(c), which provides that a case removed to federal court shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." After a matter is filed in state court, a defendant

---

[1] At the time Plaintiffs filed the Motion to Remand, Target was the sole named defendant, although the complaint named fictitious defendants as well. (*See* Pls.' Mot. to Remand; First Am. Compl.) One John Doe, Zaentz, was subsequently identified and joined. (Pls.' Mot. for Joinder 3; Mem. Op. and Order 8; First Am. Compl. ¶ 5.) Plaintiffs' Motion to Remand, however, was filed prior to the joinder of Zaentz. (*See* Pls.' Mot. to Remand.) Importantly, therefore, neither Plaintiffs' Motion to Remand, nor Defendant's Opposition brief to the Motion to Remand, discusses with specificity, the joinder of Zaentz. (*See* Pls.' Mot. to Remand 5-6; Def.'s Opp'n to Remand Br. 4-5.) Instead, the Court must turn to Plaintiffs' Motion for Joinder, Defendant's Opposition brief to that Motion, and Plaintiffs' Reply brief to that Motion for a discussion as to the effect of Zaentz's joinder on diversity jurisdiction. In considering these briefs and Magistrate Judge Singh's Opinion and Order, the only issue outstanding for the Court to consider pertaining to Zaentz's joinder is Target's contention in its Motion for Joinder briefing that Zaentz was fraudulently joined. (Pls.' Mot. for Joinder 3; Def.'s Opp'n Br. to Joinder 9-13 (opposing Zaentz's joinder on bad faith and fraudulent joinder grounds and noting effect of joinder on diversity jurisdiction); Pls.' Reply Br. 4-6 (responding Plaintiffs do not have bad faith or dilatory motives and amendment should be granted despite effect on diversity jurisdiction); Mem. Op. and Order 6-8 (finding Zaentz's addition would not be in bad faith, but not reaching fraudulent joinder)). As this issue was only briefed in the Motion for Joinder briefing, the Court will consider Plaintiffs' and Target's fraudulent joinder arguments therein.

may remove any action over which the federal courts have jurisdiction. 28 U.S.C. § 1441(a). The party removing the action has the burden of establishing federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). Removal statutes are "strictly construed against removal and all doubts should be resolved in favor of remand." *Id.* For removal to be proper, a federal court must have original jurisdiction; that is, the removed claims must arise from a "right or immunity created by the Constitution or laws of the United States[,]" or there must be complete diversity between the parties. *Concepcion v. CFG Health Sys. LLC*, No. 13-2081, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013) (quoting *Boncek v. Pa. R. Co.*, 105 F. Supp. 700, 705 (D.N.J. 1952)); *see also* 28 U.S.C. § 1332.

To satisfy the jurisdictional requirements of 28 U.S.C. § 1332(a)(1), the federal diversity statute, no plaintiff can be a citizen of the same state as any of the defendants and the amount in controversy must exceed $75,000.00. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990); *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010). For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

### III.  DISCUSSION

To reiterate, federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. 1332(a). Diversity of citizenship, "requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Allapattah Svcs. Inc.*, 545 U.S. 546, 553 (2005)); *Carden*, 494 U.S.

at 187 (noting diversity statute requires complete diversity of citizenship); *Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 467 (D.N.J. 2012) ("[T]he Court may properly dismiss a complaint for lack of subject matter jurisdiction in the absence of complete diversity—i.e., where the plaintiff and any defendant are citizens of the same state.") (citing *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010)). A Court must ensure that it has subject matter jurisdiction over any action before it. *See* 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a removed case], the case shall be remanded."). Actions that have been removed to federal court are, "effectively . . . subject to an ongoing constructive motion to remand." *Brooks v. Purcell*, 57 F. App'x 47, 50 (3d Cir. 2002).

Target argues removal was proper here because: (1) Target, as the sole named defendant, is diverse from Plaintiffs; and (2) fictitious-named defendants should be disregarded. (Defs.' Opp'n to Remand Br. 4-5.) Target is correct that, for the purposes of diversity, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *see Mucci v. Decision One Mortg.*, No. 12-1840, 2012 WL 3757035, at *3 (D.N.J. Aug. 9, 2012), *report and recommendation adopted*, No. 12-1840, 2012 WL 3757290 (D.N.J. Aug. 28, 2012) ("The citizenship of parties with fictitious names such as "John Doe" or ABC Corporation are disregarded for purposes of determining diversity."); *Brooks*, 57 F. App'x at 51 ("Congress intended parties to be disregarded unless they were identified so that their citizenship could be ascertained."). When a named non-diverse defendant is joined, however, a federal court no longer has subject matter jurisdiction and must remand the action back to state court. 28 U.S.C. § 1447 (instructing, for joinder motions seeking to add non-diverse defendants, "the court may deny joinder, or permit joinder and remand the action to the State court").

4

Here, the now operative Amended Complaint identifies a Defendant John Doe as Zaentz, a New Jersey resident. (Am Compl. ¶ 5.) As such, Zaentz's inclusion destroys diversity jurisdiction unless Target can show that an exception, such as the fraudulent joinder doctrine, applies to overcome the general rule that "removal be predicated solely upon complete diversity." *See In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006). Joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Id.* at 216 (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)). A claim is not colorable where it is "wholly insubstantial and frivolous." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992). If joinder is fraudulent, the court can "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *In re Briscoe*, 448 F.3d at 216 (citing *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)).

The Court finds that Zaentz was not fraudulently joined. As Magistrate Judge Singh acknowledged when ruling on Plaintiffs' joinder motion, Plaintiffs have a colorable claim for negligence against Zaentz, separate from their claims against Target, because respondeat superior is not a bar to individual recovery against an employee. (Mem. Op. and Order 5-6); *Lappe v. Target Corp.*, No. 15-0007, 2016 WL 6305949, at *6 (D.N.J. Oct. 27, 2016) ("Where an injury is caused by the negligence of a servant acting in the line of his employment, a joint action may be maintained against the servant and the master, or against either of them separately.") (quoting *Walker v. Choudhary*, 425 N.J. Super. 135, 148-49 (Super. Ct. App. Div. 2012)). Additionally, Plaintiffs have consistently asserted their intention to seek judgement from Zaentz by: (1) naming

5

him as a John Doe in the original Complaint; (2) seeking to acquire his name from Target; and (3) joining him in this action. (State Court Compl. 1; Pls.' Mot. for Joinder 3; First Am. Compl. ¶ 5.)

The Court finds remand is appropriate. Zaentz's joinder eliminates complete diversity and Target has not established Zaentz's joinder was fraudulent. Without complete diversity, the Court does not have subject matter jurisdiction, and must remand.

## IV. <u>CONCLUSION</u>

For the above reasons, the Court grants Plaintiffs' Motion to Remand. An appropriate order will follow this Memorandum Opinion.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**